**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **JENNIFER WOODBURN,** individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff,* | **CLASS ACTION** |
| | **DEMAND FOR JURY TRIAL** |
| *v.* | |
| **UNION SQUARE MEDIA GROUP, LLC**, a Florida limited liability company, | |
| *Defendant.* | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jennifer Woodburn ("Plaintiff" or "Woodburn") brings this Class Action Complaint and Demand for Jury Trial against Defendant Union Square Media Group, LLC, doing business as Otto Insurance ("Defendant" or "Otto Insurance") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") and the Florida Telephone Solicitation Act ("FTSA") by making telemarketing calls, including calls using pre-recorded voice messages, *without consent* to consumers, including to consumers who registered their phone numbers on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### PARTIES

1.      Plaintiff Jennifer Woodburn is a resident of Las Vegas, Nevada.

2.      Defendant Union Square Media Group, LLC is a Florida limited liability company with its principal place of business in Miami Beach, Florida.

## JURISDICTION AND VENUE

3.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"). The Court has supplemental jurisdiction over the Florida Telephone Solicitation Act by ("FTSA") claims, as they arise out of the same telemarketing campaign as the TCPA claim.

4.      This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, and the wrongful conduct giving rise to this case was directed from this District.

## INTRODUCTION

5.      As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7.      A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8.      Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

2

9.      According to online robocall tracking service "YouMail," 4.5 billion robocalls were placed in August 2022 alone, at a rate of 144.4 million calls per day. www.robocallindex.com (last visited September 4, 2022).

10.     The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12.     "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

13.     Defendant Union Square Media Group, LLC is a digital advertising agency. Defendant generates and sells leads of potential consumers to insurance providers throughout the U.S.[3]

14.     Defendant uses multiple aliases to conduct business of gathering and selling consumer leads, including Otto Insurance. Defendant uses the alias Otto Insurance to generate leads of potential consumers for auto insurance products.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/union-square-media-group/about/

15.     As part of its lead generation efforts, Defendant uses automated systems to send outbound telephonic sales calls, including calls using pre-recorded voice messages, to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are registered on the National Do Not Call list, seeking information to solicit insurance quotes to consumers.

16.     Multiple consumers have posted complaints online about receiving unwanted solicitation calls from Defendant Otto Insurance, including complaint of receiving solicitation call using the same phone number Defendant used to call Plaintiff Woodburn:

Typical Message Mentioning (512) 883-2452

 Hi there this is Auto Insurance. We wanted to follow up with you about your inquiry for auto insurance. Give us a call back. Talk soon. Bye. Call 1-512-883-2452.

4

17.     In response to these calls, Plaintiff Woodburn brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act and Florida Telephone Solicitation Act, as well as an award of statutory damages to the members of the Classes and costs.

**PLAINTIFF WOODBURN'S ALLEGATIONS**

18.     Plaintiff Woodburn is the subscriber and the sole user of the cell phone number ending with xxx-xxx-8212.

19.     Plaintiff Woodburn registered her cell phone number on the National Do Not Call Registry on June 19, 2019.

---

[4] https://www.bbb.org/us/co/aurora/profile/auto-insurance/Otto Insurance-1296-90248670/customer-reviews

20.     In April 2022, Plaintiff Woodburn started receiving unsolicited telemarketing calls from Defendant Otto Insurance using the phone number 512-883-2452 offering auto insurance quotes to her, using automated systems to place pre-recorded voice calls.

21.     On April 26, 2022, Plaintiff received three calls to her cell phone from the phone number 512-883-2452 too early in the morning. Plaintiff did not answer the calls, and received the following pre-recorded voicemails to her cell phone from Defendant Otto Insurance soliciting auto insurance quotes to the Plaintiff:

- at 6:04 AM:



- at 6:11 AM:



- and at 6:36 AM:



22.    On April 28, 2022, at 9:49 AM, Plaintiff received another call from the Defendant using the same phone number 512-883-2452, which she did not answer. Plaintiff received a silent voicemail from the Defendant, indicating the use of an automated dialer device to place the call.



23.    On April 29, 2022, at 2:17 PM, Plaintiff received another call to her cell phone from Defendant Otto Insurance using the same phone number 512-883-2452. Plaintiff did not answer this call and received another pre-recorded voice message soliciting auto insurance options to the Plaintiff.



24.    On April 30, 2022, at 11:02 AM, Plaintiff received another call to her cell phone from Defendant Otto Insurance using the same phone number 512-883-2452. Plaintiff did not

answer this call and received another pre-recorded voice message soliciting auto insurance options

to the Plaintiff.



25.     In all of the unsolicited telemarketing calls made to Plaintiff, Defendant Otto

Insurance failed to identify the first and last names of the telephone solicitor who placed the call,

and the name of the company on whose behalf the solicitation call was made.

26.     On calling this phone number, 512-883-2452, it is answered by an automated voice

message system which identifies as Defendant Otto Insurance. It gives options to connect with a

live insurance agent now and to schedule a callback later. On pressing 1, the call is transferred to

a live insurance agent from one of the insurance providers who purchase leads from Defendant.

The insurance agent seeks to gather personal information from the consumer to solicit insurance

products to them.

27.     Plaintiff never consented to be called by Otto Insurance.

28.     The unauthorized telephonic sales calls that Plaintiff received from Defendant, as

alleged herein, have harmed the Plaintiff in the form of annoyance, nuisance, and invasion of

privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the

phone's hardware (including the phone's battery) and the consumption of her phone line and the memory on the phone.

29.     Seeking redress for these injuries, Plaintiff Woodburn, on behalf of herself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and the Florida Telephone Solicitation Act, Fla. Stat. 501.059, which prohibit sending unsolicited telemarketing calls and text messages to cell phone numbers that are registered on the DNC, and without identifying the full name of the telephone solicitor and the name of the company on whose behalf the solicitation was sent.

## CLASS ALLEGATIONS

30.     Plaintiff Woodburn brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Otto Insurance called on their cellular telephone number (1) using an artificial or pre-recorded voice.
>
> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Otto Insurance called more than one time, (2) within any 12-month period, (3) where the person's phone number had been listed on the National Do Not Call Registry for at least thirty days.
>
> **Florida Autodial Class:** All persons in the United States, who, on or after July 1, 2021, (1) received a telephonic sales call, (2) from Florida, (3) using the same equipment or type of equipment utilized to call Plaintiff.
>
> **Unidentified Telephone Solicitor Class:** All persons in the United States, who, on or after July 1, 2021, (1) received an unsolicited telephonic sales call from or on behalf of the Defendant, (2) to and/or from Florida, (3) in which the solicitor failed to identify their own first and last names, and/or the name of the business on whose behalf the solicitation call was placed.

31.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their

parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff Woodburn anticipates the need to amend the Class definitions following appropriate discovery.

32.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

33.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Classes include, but are not necessarily limited to the following:

(a)     whether Defendant placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b)     whether Defendant placed multiple calls to Plaintiff and members of the Do Not Call Registry class without first obtaining consent to make the calls;

(c)     whether Defendant used automatic dialing software and/or recorded voice message to place multiple calls to Plaintiff and members of the Florida Autodial Class;

(d)     whether Defendant placed telemarketing calls to Plaintiff and members of the Unidentified Telephone Solicitor Class, without identifying the first and last names of the solicitor who made the call, and/or the name of Defendant's business;

(e)     whether Defendant's conduct violated the TCPA and the FTSA; and

(f)    whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

34.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. The Plaintiff has no interests antagonistic to those of the Classes, and Defendant have no defenses unique to the Plaintiff. The Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither the Plaintiff nor her counsel have any interest adverse to the Classes.

35.    **Appropriateness**: This class action is also appropriate for certification because the Defendant have acted or refused to act on grounds generally applicable to the Classes and as wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Woodburn. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

<u>**FIRST CLAIM FOR RELIEF**</u>
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Woodburn and the Pre-recorded No Consent Class)**

36.     Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

37.     Defendant Otto Insurance and/or its agents transmitted unwanted telephone calls to Plaintiff Woodburn and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

38.     These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Woodburn and the other members of the Pre-recorded No Consent Class.

39.     The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Woodburn and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## SECOND CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Woodburn and the Do Not Call Registry Class)**

40.     Plaintiff repeats and realleges paragraphs 1 through 35 of this Complaint and incorporates them by reference.

41.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

42.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were

promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

43.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

44.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

45.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

### THIRD CAUSE OF ACTION
**Florida Telephone Solicitation Act**
**(Violations of Fla. Stat. § 501.059)**
**(On Behalf of Plaintiff Woodburn and the Florida Autodial Class)**

46.     Plaintiff repeats and realleges paragraphs 1 through 35 of this Complaint and incorporates them by reference.

47.     Plaintiff brings this claim individually and on behalf of the Florida Autodial Class Members against the Defendant.

48.     It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

49.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

50.     Defendant failed to secure prior express written consent from Plaintiff and members of the Autodial Class.

51.     In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Autodial Class members without Plaintiff's and the Class members' prior express written consent.

52.     Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

53.     As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

**FOURTH CAUSE OF ACTION**
**Florida Telephone Solicitation Act,**
**(Violations of the Fla. Stat. § 501.059)**

14

**(On Behalf of Plaintiff Woodburn and
the Unidentified Telephone Solicitor Class)**

54.     Plaintiff repeats and realleges paragraphs 1 through 35 of this Complaint and incorporates them by reference herein.

55.     Plaintiff brings this claim individually and on behalf of the Unidentified Telephone Solicitor Class Members against Defendant.

56.     The FTSA requires "any telephone solicitor who makes an unsolicited telephonic sales call to a residential, mobile, or telephonic paging device telephone number" to mandatorily "identify himself or herself by his or her true first and last names and the business on whose behalf he or she is soliciting immediately upon making contact by telephone with the person who is the object of the telephone solicitation." Fla. Stat. § 501.059(2)

57.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

58.     In violation of the FTSA, Defendant failed to identify the name of the telephone solicitor or the business on whose behalf those unsolicited telephonic sales calls were made and/or caused to be made to the Plaintiff, and other members of the Unidentified Telephone Solicitor Class.

59.     As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a)   An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b)   An award of damages and costs;

c)   An order declaring that Defendant's actions, as set out above, violate the TCPA and the FTSA;

d)   An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e)   Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Woodburn requests a jury trial.

**JENNIFER WOODBURN**, individually and on behalf of all others similarly situated,

DATED this 14th day of September, 2022.

By: /s/ *Stefan Coleman*
Stefan Coleman
law@stefancoleman.com
COLEMAN PLLC
66 West Flagler Street
Suite 900
Miami, FL 33130
(877)333-9427

Avi R. Kaufman*
kaufman@kaufmanpa.com

16

KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

*\* Lead Counsel for Plaintiff and the putative Classes*